IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:08CR06–HEH |
| ) | |
| DERRICK E. LEWIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Finding that Application of 2008 Guidelines Violates Ex Post Facto
Clause of the United States Constitution)

The defendant in this case, Derrick E. Lewis, was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Following the preparation of a Presentence Investigation Report by the U.S. Probation Office, the case is before the Court for the imposition of sentence. The defendant, however, has interposed an objection to the probation officer's reliance upon the 2008 edition of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") in calculating his guideline range in this case. The underlying offense occurred on May 16, 2006. The defendant argues that use of the 2008 Guidelines, as opposed to those in effect in 2006 (Nov. 2005 edition), could potentially subject him to a harsher penalty.

As calculated under the 2008 Guidelines, the defendant has a Total Offense Level of 20, with six criminal history points placing him in Criminal History Category III. This yields a guideline range of 41–51 months. On the other hand, under the 2005 Guidelines

in effect at the time the offense occurred, the defendant's adjusted offense level would be 14 and his sentencing range 21–27 months.

The United States argues that changes to the Guidelines no longer implicate the Ex Post Facto Clause. Following the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are no longer mandatory nor binding on the sentencing court. Moreover, under the post-*Booker* regime, a sentencing court may not base its decision solely on the applicable guidelines range. Before imposing sentence, a court must make an independent determination of the appropriate sentence, in light of factors set forth in 18 U.S.C. § 3553(a). *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). If a court determines that a sentence within the applicable guideline range is not reasonable, it may depart, if appropriate, or vary the sentence imposed upward or downward, consistent with the § 3553(a) factors. Because the Guidelines are now advisory, the United States contends that use of the 2008 Guidelines has no ex post facto implications.

The defendant counters that while the Guidelines are now advisory, they are still an integral part of the sentencing process. In imposing a sentence after *Booker*, the district court must engage in a multi-step process. *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). The court must initially determine, after making appropriate findings of fact, the applicable guidelines range. *Id.* The court should then consider "whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if

not, select a sentence that does serve those factors." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006).

In selecting a sentence outside the advisory guidelines range, the Court should first consider whether appropriate grounds for departure exists. *United States v. Davenport*, 445 F.3d 366, 370 (4th Cir. 2006). When "an appropriate basis for departure exists, the district court may depart." *Moreland*, 437 F.3d at 432. If the sentencing court believes that the resulting range still does not serve the factors in 18 U.S.C. § 3553(a), it may grant a further variance as necessary. *Davenport*, 445 F.3d at 370 (citing *Moreland*, 437 F.3d at 432).

The defendant also points out that, although the United States Court of Appeals for the Fourth Circuit is yet to address this issue directly in a published opinion, most other circuit courts reviewing the issue have held that the Ex Post Facto Clause applies to the calculation of sentencing guidelines following the *Booker* decision.

The Court's analysis necessarily begins with the Guidelines themselves. Section 1B1.11 reads in pertinent part: (a) "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." *See U.S.S.G.* §1B1.11(a). This directive is further modified, however, by the succeeding paragraph (b)(1).

> If the court determines that use of the Guidelines Manual in effect on the
> date that the defendant is sentenced would violate the <u>ex post facto</u> clause
> of the United States Constitution, the court shall use the Guidelines Manual
> in effect on the date that the offense of conviction was committed.

3

*Id.* § 1B1.11(b)(1). Title 18 U.S.C. § 3553(a)(4) provides similar instruction to sentencing courts. The Court will turn next to an examination of the Ex Post Facto Clause itself.

In *Miller v. Florida*, 482 U.S. 423 (1984), the U.S. Supreme Court succinctly observed that a law that "'makes more onerous the punishment for crimes committed before its enactment'" violates the Ex Post Facto Clause. *Id.* at 455 (quoting *Weaver v. Graham*, 450 U.S. 24, 36 (1981)). Drawing its understanding of the Ex Post Facto Clause, U.S. Const., art. 1, § 9, cl. 3; art. 1, § 10, cl. 1, from *Calder v. Bull*, 3 Dall. 386, 391 (1798), the court in *Miller* noted that, "[t]hus, almost from the outset, we have recognized that central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" *Id.* at 430 (citations omitted).

The Supreme Court in *Miller* articulated two critical elements of a viable ex post facto claim. First, the law at issue "'must be retrospective, that is, it must apply to events occurring before its enactment;' and second, 'it must disadvantage the offender affected by it.'" *Id.* (quoting *Weaver*, 450 U.S. at 29). The court also emphasized that "no *ex post facto* violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.'" *Id.* (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977)).

4

Relying on the teachings of *Miller*, the Fourth Circuit has defined an ex post facto law as one that "changes the legal consequences of acts completed before its effective date." *United States v. Heater*, 63 F.3d 311, 332 (4th Cir. 1995). In fact, in *Heater*, a pre-*Booker* decision, the Fourth Circuit confirmed its earlier holding that "amendments to the Guidelines occurring after a defendant's offense but before sentencing should not be applied if doing so would increase the sentence, because that would violate the Ex Post Facto Clause in . . . the United States Constitution." *Id.* at 331 (citing *United States v. Morrow*, 925 F.2d 779, 782–83 (4th Cir. 1991)).

Although the Fourth Circuit has not addressed this issue directly in a post-*Booker* published decision, it has expressed its views in the context of an unpublished opinion and in dicta in a published decision. In *United States v. Sinclair*, 293 Fed. Appx. 235 (4th Cir. 2008) (unpublished), the court noted that

> although Sinclair's sentencing hearing took place in February 2008, the district court properly did not use the version of the Guidelines then in effect because, under Fourth Circuit precedent, *see, e.g.*, *United States v. Iskander*, 407 F.3d 232, 242 & n.8 (4th Cir. 2005), to do so would have resulted in a violation of the Ex Post Facto Clause. The court was obligated to use the Guidelines edition when Sinclair committed the offense.

*Id.* at 235.

Although the issue of whether the Ex Post Facto Clause still applies to the Guidelines post-*Booker* is far from settled, *see United States v. Andrews*, 532 F.3d 900, 909 (D.C. Cir. 2008), the clear preponderance of reviewing courts seem to favor post-*Booker* application of the Ex Post Facto Clause to sentencing guidelines calculations. It

5

appears that four circuits have squarely held that the Ex Post Facto Clause applies. *See United States v. Rising Sun*, 522 F.3d 989, 992 n.1 (9th Cir. 2008) (approving district court's use of Sentencing Guidelines in effect at time offense committed, rather than on day of sentencing, and holding that to do otherwise would implicate Ex Post Facto Clause); *United States v. Wood*, 486 F.3d 781, 790 (3d Cir. 2007) (stating that "where, as here, 'such retroactivity results in harsher penalties, Ex Post Facto Clause problems arise, and courts must apply the earlier version'"); *United States v. Carter*, 490 F.3d 641, 643–44 (8th Cir. 2007) (recognizing that the Eighth Circuit, in a post-*Booker* case, acknowledged that the "retrospective application of the Guidelines implicates the *ex post facto* clause"); *United States v. Cruzado-Laureano*, 404 F.3d 470, 488 n.10 (1st Cir. 2005) (stating that "the Constitutional prohibition against ex post facto laws, U.S. Const., art. I, § 9, cl. 3, requires that a defendant be sentenced under the guidelines in effect when he committed the offense, rather than those in effect at time of sentencing, where subsequent amendments would have increased his punishment").

Notwithstanding Rule 206(c) of the Sixth Circuit Administrative Rules, two panels of the Sixth Circuit seem to have reached different conclusions on this issue.[1] In *United States v. Davis*, 397 F.3d 340 (6th Cir. 2005), the court concluded that even post-*Booker* use of a version of the Guidelines that "changes the legal consequences of acts completed

---

[1] Rule 206(c) of the Sixth Circuit Administrative Rules provides that "reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court."

6

before its effective date" violates the Ex Post Facto Clause and constitutes plain error. *Id.* at 345–50. The following year, a different panel of that court took a divergent view. In *United States v. Barton*, 455 F.3d 649, 655 n.4 (6th Cir. 2006), the court noted that "[n]ow that the Guidelines are advisory, the Guidelines calculation provides no such guarantee of an increased sentence, which means that the Guidelines are no longer akin to statutes in their authoritativeness. As such, the Ex Post Facto Clause itself is not implicated."

Only the United States Court of Appeals for the Seventh Circuit has unequivocally found the Ex Post Facto Clause inapplicable to the U.S. Sentencing Guidelines. In *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), the court held that in a post-*Booker* context "the ex post facto clause should apply only to laws and regulations that bind rather than advise." *Id.* at 795. In effect, the Seventh Circuit concluded that because *Booker* rendered the Guidelines simply advisory or informative, not mandatory, no ex post facto problem is created by using a version of the Guidelines prescribing harsher penalties than the version in effect at the time of the offense. *Id.* at 794–95. It is important to note that the Eighth Circuit rejected the *Demaree* holding and analysis in *United States v. Carter*, 490 F.3d 641, 643.

The precedential effect of the *Demaree* decision, however, must be weighed in the context of the sentencing procedure utilized in the Seventh Circuit. Although both the Fourth and Seventh Circuits obviously consider the Guidelines to be advisory, in its

7

interpretative opinions, the Fourth Circuit appears to require greater particularity of supportive reasoning. Speaking for the court in *Demaree*, Judge Posner observed,

> [t]he judge is not required—or indeed permitted—to "presume" that a sentence within the guidelines range is the correct sentence and if he wants to depart give a reason why it's not correct. All he has to do is consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. § 3553(a). His choice of sentence, whether inside or outside the guideline range, is discretionary and subject therefore to only light appellate review. The applicable guideline nudges him toward the sentencing range, but his freedom to impose a reasonable sentence outside the range is unfettered.

*Demaree*, 459 F.3d at 794–95 (citations omitted).

In contrast, in *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006), then-Chief Judge Wilkins, in discussing the mechanics of a non-guideline sentence, noted:

> The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary.

*Id.* at 432.

Judge Wilkins further explained in *Moreland* that "[a] sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." *Id.* at 434.[2] It would therefore appear that while the Fourth and Seventh Circuits accord sentencing judges

---

[2]Although this position has not been modified by the Fourth Circuit in a published opinion, and remains the controlling rule, in *United States v. Pyles*, 272 Fed. Appx. 258, 262, the court commented, "[m]oreover, a proportional analysis of the type we applied in our earlier opinion [*United States v. Pyles*, 482 F.3d 282 (4th Cir. 2007)], requiring more compelling reasons the greater the variance, is no longer applicable. *See Gall*, 128 S. Ct. 586, 595 (2007)."

broad discretion in imposing an appropriate sentence, the Fourth Circuit requires greater particularity in explaining the rationale for departing or varying from the Guidelines. It is therefore arguable that a defendant in the Seventh Circuit may be less burdened than one in the Fourth Circuit by the higher advisory guidelines in effect at the time of sentence as opposed to the time the crime occurred.

Aside from the sheer weight of supporting authority, the Court concludes that the defendant in the immediate case is disadvantaged by the more onerous Guidelines in effect at the time of his sentencing. The Court's consideration of applicable grounds for variance or departure begins at a higher level. If a review of the presentence report and arguments of counsel yields no articulable basis to stray from the calculated guideline range, the sentencing court is necessarily nudged in the direction of the Guidelines. This clearly ups the legal ante for acts completed before the effective date of the 2008 edition of the U.S. Sentencing Guidelines.

The Court is therefore of the opinion that application of the 2008 Guidelines in this case violates the Ex Post Facto Clause of the U.S. Constitution. The Court will therefore utilize the 2005 Guidelines in effect at the time the offense of conviction occurred.

/s/
Henry E. Hudson
United States District Judge

Date: March 16, 2009
Richmond, VA